**Fred GARNER, Plaintiff,**

v.

**DILLARD'S DEPARTMENT STORE, INC., Shelby County Sheriff Dept., Kenneth Roberson, Individually, Defendants.**

No. 02–2017 M1/A.

United States District Court,
W.D. Tennessee,
Western Division.

March 7, 2003.

Linda Kendall Garner, Esq., Law Office of Linda Kendall Garner, Memphis, TN, for Plaintiff.

Robert L.J. Spence, Jr., Esq., The Hardison Law Firm, Brian L. Kuhn, Esq., Ford & Harrison, Memphis, TN, for Defendants.

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS DILLARD'S DEPARTMENT STORE AND SHELBY COUNTY AND DENYING SUMMARY JUDGEMENT FOR KENNETH ROBERSON

McCALLA, District Judge.

Before the Court is Defendant Shelby County Sheriff's Department and Kenneth Roberson's Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on March 22, 2002. Plaintiff responded on October 18, 2002. Also before the Court is defendant Dillard's Department Store's Motion for Summary Judgment, filed on April 4, 2002. Plaintiff responded on October 15, 2002. Plaintiff filed an amended response to Defendant Shelby County and Roberson's Motion to Dismiss or Alternatively for Summary Judgment on October 31, 2002. Defendant Dillard's Department Store replied on November 6, 2002.

For the following reasons, the Court GRANTS Defendant Dillard's Department Stores summary judgment motion, GRANTS the motion for summary judgment with regards to Defendant Shelby County Sheriff's Department and DENIES summary judgment with regards to Kenneth Roberson.

### Facts

On December 2, 2000, Plaintiff Fred Garner was shopping at Dillard's Department Store in Hickory Ridge Mall in Memphis, Tennessee. Roberson was working from 10:00 a.m. to 2:00 p.m. in the employ of Defendant Dillard's Department Store as a private security guard. A sales clerk notified security that Plaintiff was acting suspiciously. Defendant Kenneth Roberson was the security officer on duty

who received the call. Following the call, Roberson followed Plaintiff around the store and observed Plaintiff as he exited, but did not take any further action at that time. Roberson states that as Plaintiff walked through the parking lot, he peered into the interior of several cars before he got into his own. Roberson's shift as a security guard at Dillard's ended at 2:00 p.m. At 4:00 p.m. that same afternoon, Roberson began his shift as a sergeant with the Shelby County Sheriff's Department. During that shift, Roberson returned to Dillard's that afternoon and again observed the same individual exiting the store.

The facts surrounding Roberson's approach of Plaintiff are in dispute. Both Defendant and Plaintiff agree that Roberson stopped Plaintiff outside of the store and asked for Plaintiff's identification. Roberson then called in the ID number to check for any outstanding warrants. After he was informed that there were none, Plaintiff alleges that Roberson forcefully placed him against the wall. Plaintiff further alleges that the officer placed his hand into the Plaintiff's right pocket, squeezed the left pocket, and looked into Plaintiff's pants. When asked the reason for his actions, Roberson allegedly responded, "I can stop you anytime I want."

Defendant denies these assertions. Instead, Roberson avers that after the call about Plaintiff's ID yielded no outstanding warrants, he informed Plaintiff that Plaintiff was free to go. Defendant states that after he gave Plaintiff his ID, Plaintiff asked, "Do you want to search me?" and voluntarily turned around and placed his hands on a wall in a search position. Roberson allegedly then told Plaintiff that this was not necessary.

### Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate, *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir.1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## Discussion

### Dillard's Department Store

■ Defendant Roberson stated in his affidavit that at the time of the alleged incident with Plaintiff, he was working his shift with the Shelby County Sheriff's Department, which he began at 4:00 p.m. Roberson's shift as a private security guard for Dillard's Department Store ended at 2:00 p.m. Defendant Roberson stated that he returned to Dillard's not in his capacity as a security guard, but as a deputy sheriff. Plaintiff has not presented any evidence that Roberson was acting within the scope of his employment with Dillard's. Given those facts, there is no genuine issue of material fact that Defendant Roberson was not acting within the scope of his employment at Dillard's Department Store.

Accordingly, the Court GRANTS summary judgment in favor of Dillard's Department Store.

### Shelby County Government

The Plaintiff names Shelby County Sheriff's Department as a defendant in this case. As Defendant points out in the motion for summary judgment, that name denotes a division of Shelby County and is not a separate legal entity that can be sued. The Court will proceed assuming that Plaintiff is bringing suit against Shelby County.

■ A local governmental entity "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer." *Collins v. City of Harker Heights,* 503 U.S. 115, 121, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *see also Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 726–29, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose

vicarious liability on counties, municipalities or other local governmental bodies); *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (rejecting simple vicarious liability for municipalities under § 1983); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (interpreting rejection of *respondeat superior* liability by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), as a command that "local governments ... should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (same); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality"). Thus, to establish a basis for municipal liability, a plaintiff must demonstrate

> (1) that the City pursued an official custom or policy of failing to adequately train, supervise, or discipline its officers in a particular matter, and (2) that such official policy or custom was adopted by the official makers of policy with "deliberate indifference" towards the constitutional rights of persons affected by the policy or custom.

*Haverstick v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 996 n. 8 (6th Cir.1994) (citing *City of Canton*, 489 U.S. at 387–88, 109 S.Ct. 1197). Thus, " 'a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." ' " *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir.1994) (citations omitted).

In his response, Plaintiff asserts that the "County's custom of allowing its officer/to travel freely within that parallel sphere of operation, i.e. sheriff deputy/security officer, foreseeably leads to constitutional violations in the overlap." (Pl. Resp. to Def. Mot. for Summ. J. at 3.) Plaintiff submits no further support for the assertion that this policy is a violation of 42 U.S.C. § 1983. Defendant has not replied to this assertion. Plaintiff has not identified a specific deficiency in the County's training of police officers in general, or Officer Roberson in particular. Plaintiff's response contains no specific allegations concerning the County's failure to discipline officers who make stops without reasonable suspicion. Plaintiff has failed to come forward with any evidence that Shelby County is lax in disciplining officers, thereby creating a culture in which disregard for the rights of citizens could flourish. *See Berry*, 25 F.3d at 1354–55. Nor has Plaintiff's response identified any specific deficiency in the County's investigation of allegations that police officers violate disciplinary rules, fails to demonstrate that that deficiency constitutes deliberate indifference, and fails to tie that alleged deficiency to his alleged injury.

Assuming that such a policy as that articulated by Plaintiff exists, the Court is unable to infer, on the basis of an ambiguous criticism on the County's policy, that such a custom constitutes deliberate indifference and was the proximate cause of the alleged injury to the Plaintiff. Because the Plaintiff has failed to present sufficient evidence to raise a material issue concerning the existence of any official policy or custom that led to his alleged injury, the County is entitled to summary judgment.

For the foregoing reasons, the County's motion for summary judgment is GRANTED.

*Sergeant Kenneth Roberson*

The facts regarding the events that followed Defendant Roberson's stop of Plaintiff are disputed. Under the standard for summary judgment, the facts must be construed in the light most favorable to the Plaintiff. Therefore, the Court accepts Plaintiff's version of the events. Accordingly, the Court must decide if Plaintiff's version of events constitute a violation of 42 U.S.C. § 1983 and the Fourth Amendment as an unlawful search and seizure.

To allege a prima facie case under § 1983, a plaintiff must allege two elements: (1) that the government action occurred "under color of law" and (2) that the action is a deprivation of a constitutional right or federal statutory right. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *See also Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998). Section 1983 does not create substantive rights, but instead merely serves as a "method for vindicating federal rights elsewhere conferred . . . ." *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In their Complaint, Plaintiffs assert that Defendant Roberson has violated Plaintiff's Fourth Amendment rights by conducting an unlawful search and seizure.

In *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a case that involved a brief detention of persons suspected of criminal activity, the Supreme Court set forth the premise that some warrantless searches are permissible on the basis of reasonable suspicion, a lesser standard than probable cause. The appropriateness of a Terry-type seizure or search, like a seizure or search based on probable cause, must be evaluated on the totality of the circumstances. Following *Terry,* the Supreme Court later held that "certain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime." *Florida v. Royer,* 460 U.S. 491, 493, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

In the case at bar, the Court finds that there did exist reasonable suspicion sufficient to justify the officer's stop of Plaintiff. Officer Roberson had earlier responded to a call to security by a sales clerk at Dillard's in regard to Plaintiff's actions. After following Plaintiff, Defendant Roberson stated that he found Plaintiff's activities to be suspicious. Roberson stated that his observations of Plaintiff looking into cars created more suspicion. These facts amount to reasonable suspicion sufficient to justify the officer's actions in stopping Plaintiff and asking for identification.

■ The next issue before the Court is whether the officer's search as alleged by Plaintiff constituted a violation of the Fourth Amendment. Plaintiff submits that Defendant Roberson went beyond the bounds of a *"Terry* stop" and "placed his hand into the Plaintiff's right pocket and pulled the Plaintiff's pants open and looked into the plaintiff's area." *Terry* held that a police officer, upon lawful seizure of a person, may pat down the individual for weapons if certain conditions are met, namely that the officer reasonably suspects that the person is armed and presently dangerous and that the officer must only frisk the suspect if "nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety." If the initial pat down provides the officer with probable cause for believing that an object felt is contraband or other criminal evidence, he may pull out the object without a warrant as part of the plain-touch doctrine. *Minneso-*

*ta v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). If there is no such probable cause, no further search is justifiable under *Terry.*

Roberson has offered no evidence that he felt an object sufficient to justify reaching into the Plaintiff's right pocket or looking into his pants. Because the facts surrounding the stop are in dispute, and there is no apparent justification presented to this Court at this time sufficient to justify a search beyond a pat-down, the Court DENIES the motion for summary judgment as to Defendant Roberson.

■ Defendant Roberson also moves for summary judgment with respect to the Fourth Amendment claim on the ground of qualified immunity. A police officer is entitled to qualified immunity when he or she is "performing discretionary functions as long as the conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sandul v. Larion,* 119 F.3d 1250, 1254 (6th Cir.1997) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). A plaintiff seeking to defeat a claim of qualified immunity must demonstrate that (1) the right was clearly established and (2) the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The Court uses an objective reasonableness test "to determine whether an official could reasonably anticipate that a constitutional right is clearly established ... which focuses on whether an official, given the facts that the official knew or reasonably should have known about the situation, should have known that his or her particular conduct would not pass scrutiny when applied to the law." *Long v. Norris,* 929 F.2d 1111, 1115 (6th Cir.1991). The right to be free from an unreasonable search is a clearly established right. Taking the facts in the light most favorable to Plaintiff, an issue of material fact exists as to whether Officer Roberson's actions would be contrary to this clearly established right. A decision on qualified immunity can only be reached once this factual discrepancy is addressed by the finder of fact. Therefore, summary judgment concerning qualified immunity at this point is DENIED.

■ The Plaintiff also asserts state law claims of assault, battery, false arrest and false imprisonment. Because Defendant Roberson would be entitled to immunity on the state-law claim of assault and battery only if he acted in good faith and with probable cause, *Youngblood v. Clepper,* 856 S.W.2d 405, 406–07 (Tenn.Ct.App.1993), which, in turn, requires the resolution of disputed issues of material fact, Defendant Roberson is not entitled to summary judgment on the issue of immunity for assault and battery.

■ The Court will now address the claims of false arrest and false imprisonment. As articulated above, the Court has concluded that reasonable suspicion did exist sufficient to justify a Terry stop. An arrest did not take place in the present case; Plaintiff himself does not allege that he was either arrested or taken to the Shelby County Jail. Plaintiff makes his argument regarding false imprisonment based upon his assertion that there was no reasonable suspicion. The Court finds that Officer Roberson did have reasonable suspicion to justify an investigatory detention. Given that conclusion, there is no issue of material fact as to whether the stop amounted to false imprisonment. Accordingly, the Court GRANTS summary judgment to the Defendant on the claims of false arrest and false imprisonment.

The Plaintiff also asserts in his Complaint claims for humiliation or mental an-

guish. There is no common law or statutory right of action as set forth in any claim for humiliation or mental anguish. Moreover, Defendant Roberson was acting as a deputy sheriff under color of law at all times during the alleged incident. Immunity has not been removed for any of these causes of action by the Tennessee Governmental Tort Liability Act, which has removed immunity only for certain instances of negligent actions of employees. See T.C.A. 29–20–201.

**Conclusion**

The Court finds that Plaintiff has raised an issue of material fact under Rule 56 as to whether Officer Roberson violated Plaintiff's Fourth Amendment rights by exceeding the bounds of a Terry stop. If the facts stated by Plaintiff are taken as true, then Roberson did not have cause to search Plaintiff beyond a pat-down. Because the material facts surrounding Plaintiff's Fourth Amendment claim and the state law claims of assault and battery are not undisputed, summary judgment against Defendant Roberson is not appropriate. The Court, therefore, DENIES summary judgment in regards to Defendant Roberson.